## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

   v.

Michael Wayne Frederick

June 10, 2002

Case Nos. CJ02-10 and CJ02-11

BY JUDGE JAMES H. CHAMBLIN

On June 3, 2002, these appeals from the Loudoun Juvenile and Domestic Relations District Court (JDR Court) came before this Court for a hearing de novo on the Commonwealth's Motion to Amend Order filed in the JDR Court on April 8, 2002. At the commencement of the hearing the defendant moved to dismiss the motion. I took the defendant's motion under advisement, and proceeded to hear the evidence and argument of counsel on the Commonwealth's motion. At the conclusion of the hearing, the Motion to Amend Order was taken under advisement.

For the reasons hereinafter set forth, the defendant's motion to dismiss is granted and the Commonwealth's motion is dismissed with prejudice.

By order of the JDR Court entered on March 14, 2000, the defendant was committed to The Pines Residential Treatment Center and placed on supervised probation until his eighteenth birthday, November 28, 2002. The defendant was successfully discharged from The Pines in December 2001 and placed under SHOCAP supervision.

The Commonwealth's motion seeks to extend the defendant's supervised probation beyond his eighteenth birthday and impose additional probation requirements relating to further sex offender therapy and polygraph tests. The Commonwealth asks this Court to, in effect, resentence the defendant and impose conditions well beyond those imposed when the defendant was sentenced in the JDR Court in March 2000.

In moving to dismiss the motion, the defendant argues that there is no statutory authority for the Commonwealth to seek a modification of the

probation of a juvenile unless the juvenile is in violation of his probation. The defendant cites Va. Code § 16.1-291, which clearly provides that a juvenile cannot be proceeded against for modification of his probation unless he is in violation of a juvenile court order or the conditions of his probation.

Significantly, the Commonwealth does not allege that the defendant is in violation of his probation. Further, no evidence was presented at the hearing indicating that the defendant is in violation of his probation. I agree with the defendant. Absent a probation violation there can be no modification of probation.

The Commonwealth's additional reliance on Va. Code § 16.1-289.1 is also misplaced. The Commonwealth's motion is not a motion to reconsider an order directing a juvenile to participate in therapy, counseling, or similar continuing programs. The Commonwealth is not asking this Court to reconsider the commitment to The Pines. It is seeking additional probation conditions for which there is no statutory authority.

The defendant's motion to dismiss is granted, and the Commonwealth's motion is dismissed with prejudice.